## Commonwealth *v.* Neff, Appellant.

*Criminal law—Affray—Unlawful assembly — Evidence — Sufficiency.*

Appellant, with others, was convicted of participating (1) in an affray, (2) in an unlawful assembly, and acquitted of a charge of riot. The court below sentenced those convicted for a term which was authorized by statute to be imposed on conviction of either of the two charges of which they were found guilty. It was held that a consideration of the record (containing over 700 pages) satisfied the court that there was sufficient evidence to warrant the jury in convicting of affray, that no harmful error as to the trial on that count appeared, and that as the sentence imposed was authorized on conviction of affray, the court would not consider assignments of error to the instructions to the jury as related to the count of unlawful assembly, of which they were also convicted, or to the charge of riot, of which the parties were acquitted.

Argued October 20, 1924.   Appeal, No. 80, April T., 1925, by defendant, from judgment of Q. S. Cambria Co., No. 65, June sessions, 1924, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. L. E. Neff et al.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed as to 14 appellants, reversed as to 4 appellants; see reports following this case.

Appellant and others were tried together on an indictment in separate counts charging affray, unlawful assembly and riot.   Before FINLETTER, J. 1st Judicial District, specially presiding.

250, (1924).] Assignment of Error—Opinion of the Court.

Some of the defendants were convicted on the counts charging affray and unlawful assembly but all were acquitted on the count charging riot.

The convicted participants were sentenced to two years' imprisonment and jointly to pay the costs of the prosecution. Eighteen defendants appealed and presented their cases in a single argument.

*Errors assigned.* Numerous assignments of error were filed, many complaining of the instructions to the jury on phases of the charge of riot, of which all the participants were acquitted; the opinion of the Superior Court sufficiently states the matters passed on.

*Alvin Sherbine,* with him *Ray Patton Smith,* for appellants.

*D. P. Weimer,* District Attorney, for appellee.

PER CURIAM, November 17, 1924:

Appellant, with others, was convicted of participating (1) in an affray, and (2), in an unlawful assembly, charged in separate counts; he was acquitted on a count charging riot. The sentence imposed is warranted by conviction on either of the charges of which he was found guilty; that fact makes it unnecessary for us to distinguish between assignments of error applicable to one or the other.

Some of the evidence related to the charge of riot and the instructions to the jury—parts of which are assigned for error—necessarily related to that evidence; but, as appellant was acquitted on that count, we pass over such assignments of error.

As to the charge of participating in an affray, it is sufficient to say that a majority of the members of this court agree that there was sufficient evidence on which the jury may have convicted appellant, and that our consideration of the complaint in that light, has not con-

vinced us that the record discloses any harmful error; having reached that conclusion we need not consider the complaint as related to the count charging unlawful assembly. While self-defense is appropriate to a charge of affray, we find no reversible error in the record with respect thereto, as the evidence shows that two hostile groups were engaged in an encounter apparently entered into voluntarily and in circumstances showing willingness and preparation.

Judgment affirmed.

Similar judgments were rendered in the cases of

Commonwealth v. Edmonson, appellant, April T., 1925, No. 81;

Commonwealth v. Evans, appellant, April T., 1925, No. 85;

Commonwealth v. Fetter, appellant, April T., 1925, No. 86;

Commonwealth v. Johnson, appellant, April T., 1925, No. 87;

Commonwealth v. Poete, appellant, April T., 1925, No. 88;

Commonwealth v. Ritchey, appellant, April T., 1925, No. 90;

Commonwealth v. Miller, appellant, April T., 1925, No. 91;

Commonwealth v. Shank, appellant, April T., 1925, No. 92;

Commonwealth v. Gindleperger, appellant, April T., 1925, No. 93;

Commonwealth v. Ripple, appellant, April T., 1925, No. 94;

Commonwealth v. Howard, appellant, April T., 1925, No. 95;

Commonwealth v. Bheam, appellant, April T., 1925, No. 96;

Commonwealth v. Charles, appellant, April T., 1925, No. 97.